**Date signed February 23, 2005**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

**United States Bankruptcy Court**
**District of Maryland**
**at Greenbelt**

In re

        Arlene S. Karr,

                      Debtor.                            Case No. 04-28323 NVA
                                                             Chapter 11

_____/

Arlene S. Karr,

                      Plaintiff,                         Adv. No. 04-02124
                                                               Adversary Proceeding

v.

Kenneth Karr,

                      Defendant.

_____/

**Memorandum Opinion Granting Plaintiff's Motion for Partial Summary Judgment**
**and Granting Debtor's Motion for Order Permitting Sale of Property Free and Clear**
**of Liens**

At a hearing on December 3, 2004, Plaintiff's Motion for Partial Summary

Judgment [P 5 in Adversary No. 04-02124] and Debtor's Motion for Order Permitting Sale

of Property Free and Clear of Liens [P 59 in Bankruptcy Case No. 04-28323] came before

the Court.  Both the Motion for Partial Summary Judgment and the Motion for Order

Permitting Sale were filed by Debtor/Plaintiff, Arlene Karr.  Both motions pertain to the

prospective sale of real property located at 1100 North Frontage Road, Vail, Colorado

free and clear of the interests of Kenneth Karr.  As explained below, Plaintiff's Motion for

Partial Summary Judgment is GRANTED and Debtor's Motion for Order Permitting Sale

of Property Free and Clear of Liens is GRANTED.


I.  Facts

Debtor, Arlene Karr, filed a voluntary chapter 11 petition on August 4, 2004.  Then,

on October 19, 2004, she file an adversary complaint against her husband, Kenneth Karr,

seeking to sell jointly owned property.  Arlene Karr and Kenneth Karr are separated and

divorce proceedings are pending in the Circuit Court for Montgomery County (the "State

Court").

As of the petition date, Debtor and Mr. Karr owned three properties:

1) a condominium located at 1100 North Frontage Road, Vail, Colorado;

2) a single family home located at 11724 Le Havre Drive, Potomac, Maryland;[1] and

3) property located at 15101 Interlachen Drive, Unit 907, Silver Spring, Maryland.

Debtor and Mr. Karr own these properties as tenants by the entireties.

_____

[1]Mr. Karr still resides at the Potomac property.  Mrs. Karr no longer lives there.  She
rents an apartment in Rockville, Maryland.

The instant motions currently seek to sell the Karrs' Vail vacation condominium free and clear of the interests of Mr. Karr. The property is encumbered by a mortgage in favor of Washington Mutual securing debt in the amount of approximately $77,161. Further, condominium assessments are owed to the Simba Run Condominium Association on the property. Debtor scheduled these assessments at $3,410.41. The condominium assessments could become a lien on the property under Colorado law.

In her schedules, Debtor valued the Vail property at $315,000, valued the household goods and furnishings therein at $4,193, and valued the art and pictures at $16,696. On April 30, 2004, Debtor and Mr. Karr filed in State Court a Joint Statement of Parties Concerning Marital and Non-Marital Property. (Plaintiff's Exhibit 3.) The Joint Statement is structured to permit each party to the divorce to designate a separate value for each asset listed. In the Joint Statement, Mr. Karr valued the Vail property at $275,000 and the goods and furnishings at $9,000. Mr. Karr did not set forth a value for the artwork at Vail; he listed the value as "?." In the Joint Statement, Debtor set forth the value of the Vail property at $400,000, the goods and furnishings at $15,000, and the artwork at $15,000.

No payments have been made on the Vail property since the bankruptcy filing in August 2004. In June of 2004, Washington Mutual notified Debtor that the mortgage was in default and it planned to foreclose.

Debtor filed with this Court an application to retain a real estate agent to market the Vail property, and Mr. Karr did not oppose the application. On November 2, 2004, the Court granted the application. The Colorado real estate agent found prospective buyers for the Vail property. The prospective buyers, Robin and Carol Lundgaard, offered to

purchase the property for $332,000.  There is no known or alleged relationship between or among prospective buyers and Debtor or any other party in interest.  Debtor signed a contract accepting the offer (attached to the sale motion), subject to the approval of this Court.  Some personal property located in the Vail property is included in this sale.  The specific items included and excluded are set forth on a list attached to the sales contract.  Debtor now seeks to sell the Vail property to the Lundgaards for $332,000 free and clear of Mr. Karr's interest in the property.

II.  Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." Celotex, 477 U.S. 317, 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

(1986).

III.  Standard for Sales under 11 U.S.C. § 363(h) Where a Co-owner Exists

Under 11 U.S.C. § 363(h), a trustee or debtor in possession has the power to sell

the debtor's interest in property as well as that of a nondebtor co-owner provided that four

conditions are met.  Section 363(h) provides:

> Notwithstanding subsection (f) of this section, the trustee[2] may sell both the
> estate's interest, under subsection (b) or (c) of this section, and the interest
> of any co-owner in property in which the debtor had, at the time of the
> commencement of the case, an undivided interest as a tenant in common,
> joint tenant, or tenant by the entirety, only if –
>
> (1) partition in kind of such property among the estate and such co-
> owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would
> realize significantly less for the estate than sale of such property free
> of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the
> interests of co-owners outweighs the detriment, if any, to such co-
> owners; and
>
> (4) the property is not used in the production, transmission, or
> distribution, for sale, of electric energy or of natural or synthetic gas
> for heat, light, or power.

11 U.S.C. § 363(h).[3]

The burden of proof for actions under § 363(h) rests with the movant.  *Sapir v*

---

[2]Pursuant to 11 U.S.C. § 1107, a debtor in possession generally has the same
rights and performs the same functions as a trustee under Chapter 11.  Thus, section
363(h) applies to sales by trustee and by debtors in possession.

[3]Note also that 11 U.S.C. § 363(i) requires that before the consummation of a sale
under 363(h), the co-owner must be provided a right of first refusal.

*Sartorius*, 230 B.R. 650, 655 (S.D.N.Y. 1999).  Once the movant presents his *prima facie*

case under 363(h), including a demonstration that the estate would benefit from the sale

under 363(h)(3), the burden shifts to the opponent of the sale to show facts why the sale

should not be approved.  *Id.  See also*, In re *Grabowski v. Sapir* (*In re Grabowski*), 137

B.R. 1, 3 (S.D.N.Y.), *aff'd mem.* 970 F.2d 896 (2d Cir. 1992).  *See also In re Coletta Bros.*

*of North Quincy, Inc.*, 172 B.R. 159, 165 (Bankr. D. Mass. 1994) (plaintiff's initial burden is

to show benefit to the estate; then, burden shifts to defendant to show detriment and if he

does so, burden shifts back to plaintiff to show benefit is greater than detriment).


IV.  Analysis

It is undisputed that three of the four requirements for sale under section 363(h) are

satisfied.  First, courts agree that it is impracticable to partition residential property.  *In re*

*Addario*, 53 B.R. 335, 337 (Bankr. D. Mass. 1985); *see generally*, Collier on Bankruptcy,

¶ 363.08[3].  Because the Vail property is a condominium and it cannot be partitioned,

section 363(h)(1) is satisfied.  Second, section 363(h)(2) is satisfied because it is

undisputed that the sale of the Debtor's undivided interest in the Vail property would realize

less than the sale free of Mr. Karr's interest.  Third, it is undisputed that the property is not

used in production, transmission, or distribution for sale of electric energy or gas; thus,

section 363(h)(4) is satisfied.  Debtor has met her burden of presenting a *prima facie* case

on these three elements.

Debtor and Mr. Karr dispute whether the fourth requirement for sale, section

363(h)(3), has been met.  Debtor contends that the sale of the Vail property benefits the

bankruptcy estate and such benefit outweighs any detriment to Mr. Karr.  Mr. Karr argues that the detriment to him is greater than the benefit to the estate.  For reasons set out below, Debtor has met her burden of presenting a *prima facie* case on this element as well.  Mr. Karr has failed to show detriment to him that outweighs the benefit to the estate, and he has failed to show that the sale should not be approved.

The Vail property is owned by Debtor and Mr. Karr as tenants by the entireties.  The property is subject to a mortgage, and approximately $77,000 is owed on the mortgage.  The property also is subject to condominium fees of approximately $3,410.41.  The condominium assessments could become a lien on the property under Colorado law.  Both the Debtor and Mr. Karr are liable on the mortgage and are liable for the condominium assessments.  The mortgage is in default, and condominium assessments are due and owing.

The Vail property is the subject of a contract for sale, in an arms length transaction, to unrelated prospective buyers, procured by a real estate broker.   The sales price is $332,000.  This price is in excess of the $315,000 value that Debtor scheduled.  Moreover, this price is far in excess of the $275,000 value that Mr. Karr assigned the property in State Court.  Payment of the mortgage will benefit both Debtor and Mr. Karr because it will pay off a debt for which they both are liable.  Thus, Debtor has presented a *prima facie* case that the estate will benefit from the sale.  The burden then shifts to the opponent of the sale, Mr. Karr, to show detriment or other facts indicating that the sale should not be approved.

Mr. Karr contends, without legal authority, that sale of the Vail property is

detrimental to his interests.  He merely alleges that the sale is detrimental to him because he prefers to keep the Vail property and sell other jointly held real estate first to generate revenue to pay off the Vail mortgage.  Mr. Karr's mere preference to retain one property over another does not constitute a legal detriment.

In addition, Mr. Karr challenges the sale price for the personal property that is included in the sales contact.[4]  The contract for the sale of the Vail property sets forth a list of included and excluded personal property.  The included items are furniture and appliances as well as the following items that can be classified as artwork:

> First Floor Bedroom
> > fish lamp/shade
> > metal sculpture
> > poster pictures
> > decorative ladder on wall
>
> Living Room/Dining Room
> > taos drum
> > deerskin pillow
> > buff wall hanging
> > wall sculpture
>
> Master Bedroom
> > wall pictures

The contract excludes the following items, which are mostly artwork:

> Painting over fireplace
> Painting over dining table
> Bear footstool

---

[4]Mr. Karr also alleges that he was not provided notice of the sale of the personal property.  This argument lacks merit.  Mr. Karr was notified of the sale of the personal property at the same time he was notified of the sale of the real estate.   The sale of the real estate and the personal property are included in the same contract, and the sale contract was served with Debtor's Motion for Order Permitting Sale.

Fetish bear
Personal pictures and frames
CD collection
Personal books
Shamen
Small elk

In sum, most of the artwork at the Vail property is excluded from the proposed sale contract.  Mr. Karr testified that the included personal property items are valuable pieces of artwork.  He argued that the sales price of $332,000 for the combined realty and personalty is inadequate.

The Court finds that Mr. Karr's testimony was not credible.  In State Court, Mr. Karr valued the Vail property at $275,000, the goods and furnishings at $9,000, and the artwork at "?" while Debtor valued the furnishings at $15,000 and the art at $15,000.  The $332,000 price is an adequate price for the real estate together with the furnishings and the few pieces of artwork that are included in the proposed sale contract.  The price is $57,000 more than Mr. Karr's stated value of the real estate alone and thus it is adequate to cover the furnishings, which he valued at only $9,000, and a few pieces of art.

At the hearing, Mr. Karr also argued about ultimate distribution of sale proceeds in the event that the sale were approved.  He argued that upon sale of the Vail property one-half of the proceeds should be distributed to him.

Contrary to Mr. Karr's assertion, the proceeds of the sale of the Vail property are held by Debtor and Mr. Karr as tenants by the entireties.  Under 11 U.S.C. section 363(j), distribution of sale proceeds is handled as follows:

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as

the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

Thus, under section 362(j), upon sale of the jointly held property, costs and expenses of sale are deducted from the sale proceeds, joint creditors are paid, and the remaining proceeds are distributed "according to the interests of" co-owners.  The court in *In re Ginn*, 186 B.R. 898 (Bankr. D. Md. 1995), interpreted section 363(j) under Maryland law in a case where, as here, the property was held in a tenancy by the entireties.  The *Ginn* court explained that proceeds from the sale of entireties property is also held by the entireties. *Id*. at 903.  Thus, upon the sale of entireties property under section 363(h), the trustee should distribute the proceeds to the joint creditors and any remaining proceeds should be retained as entireties property.  The remaining proceeds are thus not property of the bankruptcy estate. *Id.*

Accordingly, upon sale of the Vail property, costs and expenses of sale must be deducted from the sale proceeds and joint creditors must be paid.  The remaining proceeds constitute entireties property, not property of the bankruptcy estate.  Division of the remaining proceeds upon divorce is within the jurisdiction of the State Court.  The remaining proceeds shall be held by the registry of this Court, pending direction from the State Court as to proper disposition.

V.  Conclusion

Debtor has met the four requirements of section 363(h): 1) partition of the Vail property is impracticable; 2) sale of the estate's undivided interest in the Vail property

would realize significantly less than sale free and clear of the interest of Mr. Karr; 3) the

property is not used in the production or distribution of electricity or gas; and 4) sale would

benefit the estate by paying off jointly held debt.  Further, Mr. Karr has failed to show

detriment to him that outweighs the benefit to the estate, and has shown no other reason

why the sale should not be approved.  The Vail property was exposed to the market in the

hands of a real estate broker approved by this Court without opposition by Mr. Karr.  After

evaluating the pleadings and the evidence, the Court has determined that the exposure to

the market yielded a purchase offer, from unrelated third party buyers, for a fair and

reasonable price.  The sale is prudent and in the best interest of the estate.

For the reasons stated on the record at the December 3, 2004 hearing and for the

reasons set forth above, Plaintiff's Motion for Partial Summary Judgment [P 5 in Adversary

No. 04-02124] is GRANTED and Debtor's Motion for Order Permitting Sale of Property

Free and Clear of Liens [P 59 in Bankruptcy Case No. 04-28323] is GRANTED.


cc: Arlene Karr
    Stephen Nichols, Esq.
    Kenneth Karr
    Richard Ginns, Esq.


**End of Memorandum**